IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| MARK STITH and § | | |
| TERRY SMITH § | | |
| § | | |
| § | | |
| v. § | 6:09-cv-38 | |
| § | | |
| § | | |
| § | | |
| CITY OF EASTON § | | |

## MEMORANDUM OPINION

Now before the Court is Defendant's Motion for Summary Judgment (Doc. No. 19). Having considered the motion, Plaintiffs' Response (Doc. No. 22), and Defendant's Reply (Doc. No. 23), Defendant's motion is **GRANTED**.

**I.      Background**

Plaintiff Mark Stith, a white male, served as the police chief for the City of Easton until April 29, 2008, when the city council voted to disband the police department. Stith claims that the city's decision was based on his race. Stith has asserted claims for racial discrimination under Title VII and under 42 U.S.C. § 1983 for violation of the Equal Protection Clause.

Plaintiff Terry Smith, an African-American male, served as a police officer for the City of Easton until the city council disbanded the police department. Smith claims that he was fired because he opposed the racially motivated termination of Plaintiff Stith. Plaintiff Smith has asserted claims

for retaliation under Title VII and under 42 U.S.C. § 1983 for violation of the Equal Protection Clause.

The city claims that it terminated Plaintiffs for financial reasons. Specifically, the city claims that it disbanded the entire police department in an effort to cut costs.

**II.  Summary Judgment Standard**

The Court should grant a motion for summary judgment if no genuine issue as to any material fact exists and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-25 (1986); *Ragas v. Tenn. Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998). A fact is material if it might affect the outcome of the suit under the governing law. *Merritt-Campbell, Inc. v. RxP Products, Inc.*, 164 F.3d 957, 961 (5th Cir. 1999). Issues of material fact are "genuine" only if they require resolution by a trier of fact and if the evidence is such that a reasonable jury could return a verdict in favor of the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); Merritt-Campbell, Inc., 164 F.3d at 961. When ruling on a motion for summary judgment, the Court must view all inferences drawn from the factual record in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 587 (1986); *Merrit-Campbell, Inc.*, 164 F.3d at 961.

Under Rule 56, the party moving for summary judgment must "demonstrate the absence of a genuine issue of material fact." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc) (quoting *Celotex*, 477 U.S. at 323-25). If the moving party fails to meet this initial burden, the motion must be denied regardless of the nonmovant's response. *Little*, 37 F.3d at 1075. If the movant meets the burden, however, Rule 56 requires the opposing party to go beyond the pleadings and show

by affidavits, depositions, answers to interrogatories, admissions on file, or other admissible evidence that specific facts exist over which there is a genuine issue for trial. *Anderson*, 477 U.S. at 250; *EEOC v. Tex. Instruments, Inc.*, 100 F.3d 1173, 1180 (5th Cir. 1996); *Wallace v. Tex. Tech. Univ.*, 80 F.3d 1042, 1046–47 (5th Cir. 1996). The nonmovant's burden may not be satisfied by argument, conclusory allegations, unsubstantiated assertions, metaphysical doubt as to the facts, or a mere scintilla of evidence. *Matsushita*, 475 U.S. at 585; *Wallace*, 80 F.3d at 1047; *Little*, 37 F.3d at 1075.

### III. Analysis

#### A. Title VII

The parties agree that Defendant does not have enough employees to qualify as an employer under Title VII. Accordingly, Plaintiffs' claims under Title VII are DISMISSED.

#### B. Equal Protection Clause

##### 1. Discrimination

Plaintiff Stith claims that the city fired him because of his race in violation of the Equal Protection Clause. Stith asserts this claim under 42 U.S.C. § 1983. An employment discrimination case can be supported by direct or circumstantial evidence that the employment decision was based on race. *Alvarado v. Tex. Rangers*, 492 F.3d 605, 611 (5th Cir. 2007); *see also Patel v. Midland Mem'l Hosp. and Med. Ctr.*, 298 F.3d 333, 342 (5th Cir. 2002)(noting that race discrimination claims brought under Title VII and under the Equal Protection Clause of the Fourteenth Amendment pursuant to 42 U.S.C. § 1983 are analyzed under an identical standard).

Plaintiff Stith's disparate treatment claim is based on circumstantial evidence, and therefore is subject to a burden shifting standard. *Baker v. American Airlines, Inc.*, 430 F.3d 750, 753 (5th Cir. 2005). The first step in the analysis requires Plaintiff to establish a *prima facie* case. *Id.* Plaintiff Stith must show that 1) he was fired, 2) he was qualified for the position, 3) he was a member of a protected class at the time he was fired, and 4) he was replaced by or treated less favorably than employees outside the protected class. *Okeye v. Univ. of Tex. Houston Health Science Ctr.*, 245 F.3d 507, 512-13 (5th Cir. 2001). Defendant must respond by articulating a legitimate nondiscriminatory reason for firing Plaintiff Stith. *Baker*, 430 F.3d at 753.

Finally, Plaintiff must demonstrate a genuine issue of material fact that Defendant fired him because of his race. *Id.* Plaintiff Stith may satisfy that burden by demonstrating that Defendant's reason is merely pretext. *Reeves v. Sanderson Plumbing Products, Inc.*, 530 U.S. 133, 147 (2000).

Defendant claims that Plaintiff Stith has failed to demonstrate that he was replaced by or treated differently than non-white employees. Stith has pointed out that the only two remaining city employees (after the police department was disbanded) were not white. However, in a discrimination analysis, the Court only compares the treatment of the plaintiff with other employees who were similarly situated to the plaintiff. *Bryant v. Compass Group USA Inc.*, 413 F.3d 471, 478 (5th Cir. 2005). Employees are similarly situated when they are in "nearly identical" circumstances. *Id.* The two remaining city employees did not work in the same department as Plaintiff Stith, and therefore were not similarly situated. Thus, the city's decision regarding these employees does not give rise to an inference of discrimination.

However, the city's treatment of similarly situated employees in the same department is relevant. *See, id.* The undisputed facts show that when Plaintiff Stith was terminated, the city had

three police officers. Two of the police officers were African-American. The city council voted to disband the police department and terminated all three officers. In other words, Stith, who is white, and the two African-American officers, were all treated the same.

Thus, Plaintiff Stith has failed to demonstrate a factual issue on his prima facie case. Even if Stith had presented a prima facie case, Defendant has asserted a legitimate nondiscriminatory reason for firing Plaintiff Stith. Defendant insists that the decision to disband the police department was motivated by the city's financial circumstances and not for any discriminatory reason.

Defendant's articulated reason is sufficient to shift the burden back to Plaintiff Stith, who must demonstrate that Defendant's reason is pretextual. In support of his claim of pretext, Plaintiff Stith notes that (1) Councilman Shannon Brown stated that the city did not need a white police chief,[1] (2) the city did not evaluate whether the police department was profitable, and (3) Defendant did not fire two higher paid employees in other departments. These facts do not support the claim that Defendant's articulated reason for firing Plaintiff Stith was pretextual.

First, Plaintiff Stith raises the comment of Councilman Brown. Brown stated that the city does not need a white police chief. However, a stray remark alone is insufficient evidence to support a claim of pretext. *Palasota v. Haggar Clothing Co.*, 342 F.3d 569, 577 (5th Cir. 2003). Accordingly, the Court must also consider Plaintiff Stith's other basis for pretext.

Plaintiff Stith next points to the city's failure to consider whether the police department was

---

[1]Plaintiff has provided the Court no details regarding this statement by Councilman Brown other than the fact that Brown said it. Plaintiff's makes a general statement in his affidavit that he has "personally heard Shannon Brown say we don't need a white police chief here" (Doc. No. 22-3). As required by the Federal Rules of Civil Procedure, the Court accepts Plaintiff's statement as true for purposes of the summary judgment. However, the Court notes that Plaintiff has provided no context regarding Brown's statement.

profitable before disbanding it. This does not demonstrate that Defendant's reason for disbanding the police department and terminating its three officers is pretextual. It is undisputed that Defendant was struggling financially and needed to cut costs. Three of the city's five employees worked for the police department. The city council voted to disband the police department and terminated all three officers, including white and African-American officers.

Plaintiff Stith argues that the city should have compared the amount of revenue generated by the police department to the department's operational costs. In other words, Plaintiff Stith challenges the city's method of analysis that prompted the decision to disband the police department. But Defendant was not required to conduct a line item review of the police department's revenue versus costs, and its failure to do so does not give rise to an inference of discrimination. It is immaterial that Defendant could have pursued a different or even better analysis of its decision to disband the police department. *See*, *Deines v. Tex. Dept. of Protective and Regulatory Servs.*, 164 F.3d 277, 281 (5th Cir. 1999)("Whether the employer's decision was the correct one, or the fair one, or the best one is not a question within the jury's province to decide. The single issue ... is whether the employer's [action] was motivated by discrimination"). The issue is whether the city actually and reasonably believed that terminating three-fifths of its work force would save money. *O'Brien v. Lucas Assocs. Pers., Inc.*, 127 F. App'x 702, 708 (5th Cir. 2005)(citing *Deines*, 164 F.3d at 281). Plaintiff Stith has not pointed to any evidence to suggest that the city council believed otherwise.

Finally, Plaintiff Stith notes that the city did not terminate two employees who were the highest paid employees in the city. (These were the city's only two remaining employees after the city disbanded the police department.) Plaintiff Stith argues that this demonstrates that the city was not concerned with finances. The Court disagrees.

Defendant's decision to keep some employees–even more highly paid employees–and let go of others does not support an inference that the decision was not financial. This is especially true where the employees worked in different departments and served different functions. It is not the place of the Court to second-guess Defendant's business judgment. *See, Deines*, 164 F.3d at 281.

Defendant has demonstrated that no genuine issue of material fact exists to support presentation of Plaintiff Stith's discrimination claim to a jury. Accordingly, Plaintiff Stith's claim for discrimination under the Equal Protection Clause is hereby dismissed.

2.  **Retaliation**

Plaintiff Smith claims that the city violated the Equal Protection Clause by retaliating against him for speaking out in support of Plaintiff Stith. Smith asserts this claim under 42 U.S.C. § 1983. However, the Equal Protection Clause does not extend to claims of retaliation. *R.S.W.W., Inc. v. City of Keego Harbor*, 397 F.3d 427, 440 (6th Cir. 2005); *Price v. Jefferson County*, 470 F. Supp. 2d 665, 687-88 (E.D. Tex. 2006). Accordingly, Defendant Smith's claim for retaliation under the Equal Protection Clause is hereby DISMISSED.[2]

---

[2]The Court recently denied Plaintiff Smith's motion to replead. The Court notes that Plaintiff Smith's request to replead came six-and-a-half months after the deadline to amend the complaint and less than one month before the pretrial conference set in this case. However, even if Plaintiff Smith had repleaded under the First Amendment, his claims would not have survived summary judgment. Specifically, Plaintiff Smith's proposed amended complaint sets forth the same facts as his response to the motion for summary judgment. In neither document has Smith pointed to any evidence that there was a connection between his termination and his support of Plaintiff Stith. *See*, *McLaurin v. City of Jackson Fire Department*, 217 Fed. App'x 287, 288 (5th Cir. 2006)(setting out the following elements of a prima facie case for retaliation under the First Amendment: 1) Plaintiff engaged in a constitutionally protected activity, 2) Plaintiff suffered an adverse employment action, 3) there was a causal connection between the two, and 4) there was an execution of a policy, custom, or practice of the city that caused the adverse action)).

## IV. Conclusion

For the reasons stated above, Defendant's Motion for Summary Judgment (Doc. No. 19) is GRANTED. Accordingly, Plaintiffs' claims are hereby DISMISSED.

**It is SO ORDERED.**

**SIGNED this 27th day of January, 2010.**

_____
MICHAEL H. SCHNEIDER
UNITED STATES DISTRICT JUDGE